# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

# CIVIL MOTION HEARING

| | |
|---|---|
| Jerry W. Griffis and Linda J. Griffis,<br>Plaintiff,<br>v.<br>Mayo Clinic, sued as Mayo Clinic Rochester,<br>Defendant. | **COURT MINUTES**<br>BEFORE: Honorable Donovan W. Frank<br>U.S. Judge |

| | |
|---|---|
| Case No: | 01-1625 (DWF/AJB) |
| Date: | March 3, 2004 |
| Deputy: | Rebecca L. Baertsch<br>Judicial Assistant |
| Court Reporter: | Jeanne Anderson |
| Time Commenced: | 9:00 a.m. |
| Time Concluded: | 12:15 p.m. |
| Time in Court: | 3 Hours & 15 Minutes |

Hearing on: **MOTIONS *IN LIMINE***

## APPEARANCES:

Plaintiff: Chris A. Messerly, Esq., and William J. Maddix, Esq.
Defendant: William R. Stoeri, Esq., Gillian A. Brennan, Esq., and Joshua B. Murphy, Esq.

## PROCEEDINGS:

9 Plaintiff's Witnesses:
9 Plaintiff' Exhibits:
9 Defendant's Witnesses:
9 Defendant's Exhibits:

**IT IS ORDERED:

9 **Submitted** 9 **Sustained** 9 **Overruled**
9 Brief time set:
9 Written order forthcoming.

Plaintiffs' Motions *in Limine* (Doc. No. 22)

(i) Motion *in Limine* to limit the testimony of Mayo Clinic's treating physicians and care providers to those matters to which a treating physician is permitted to testify without production of a formal expert report. **GRANTED IN PART; DENIED IN PART**.

(ii) Motion *in Limine* to bar defense counsel from having Mayo Clinic treaters and the Mayo's retained expert, Dr. Christopher Willett, from citing or referring to any medical literature or data when testifying for the defense. **GRANTED IN PART; DENIED IN PART.**

(iii) Motion *in Limine* to bar any reference to the fact that Jerry Griffis is a smoker. **GRANTED UNTIL SUCH TIME AS IT BECOMES AN ISSUE AT TRIAL.**

(iv) Motion *in Limine* to bar defense counsel from eliciting, directly or indirectly, from Plaintiffs any testimony or evidence relating to communications they had with their counsel in this matter. **MOOT**.

Defendant's Motions *in Limine* (Doc. No. 24)

(i) *Motion in Limine* to exclude the testimony of Jennifer Darcy, a supervisor in Mayo's clinical research area, whose testimony the Plaintiffs have indicated they wish to introduce at trial. **DENIED.**

s/Rebecca L. Baertsch
Judicial Assistant