**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jerry W. Griffis and Linda J. Griffis, Civil No. 01-1625 (DWF/AJB)

Plaintiff,

v. **THE COURT'S INSTRUCTIONS TO THE JURY**

Mayo Clinic, sued as Mayo Clinic Rochester,

Defendant.

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

The questions that you must decide will be submitted to you in the form of a special verdict consisting of eight questions. You must answer these questions by applying the facts as you may find them to be. I shall give to you the rules of law that apply to these questions and you must apply them in arriving at your answers. It is the duty of the court to order judgment according to the law and the answers you have returned.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you, of course, are to be governed by the instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. And you must not read into these instructions, or into anything the court may have said or done, any suggestion from the court as to what verdict you should reach. I have not intended during the course of the trial to indicate my opinion regarding the facts or the outcome of the case. If during this trial I have said or done anything which has suggested to you that I am inclined to favor the claims or positions of either party, you must not allow yourselves to be influenced by any such suggestion. I have not expressed, nor intended to express, nor have I intended to intimate, any opinion as to which witnesses are or are not worthy of belief. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. It is not my function to determine the facts, but rather yours.

Deciding questions of fact is your exclusive responsibility. In doing so, you must consider all of the evidence you have heard and seen in this trial and the reasonable inferences to be drawn from that evidence. And you must disregard anything you may have heard or seen elsewhere about this case.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Statements and arguments of counsel are not evidence in the case.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them.

Some exhibits received into evidence during the trial and some testimony that was permitted by the court were received or allowed for a limited purpose. You must follow any limiting instructions that I have given you throughout the trial as they relate to testimony of a witness or to the receipt of an exhibit into evidence and consider the admitted evidence only for the limited purpose stated by the court and no other.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded. If an objection was overruled, treat that answer like any other. By receiving evidence to which objection was made, I did not intend to indicate the weight to be given such evidence.

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the witness agrees.

There has been a lot of discussion about the facts and proof by each of the attorneys. I want to talk with you about some of the principles involved, not the facts themselves. How are the facts in a case to be proved or established?

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence–such as the testimony of an eyewitness. The other is indirect or circumstantial evidence–the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Sections of textbooks and articles have been read to you in this trial. Weigh this evidence in the same way you would any other evidence. You may use this evidence to decide the truth and weight of what witnesses have said. You also may use this evidence to decide the issues in this case.

You, as jurors, are the sole judges of the believability of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. You may consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand. You may consider the witness's ability to observe the matters as to which the witness has testified and whether the witness impresses you as having an accurate recollection of these matters. You may consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case; and any other matters that bear on the question of believability and weight. You should, in the last analysis, rely on your own experience, your own judgment, and your own common sense.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. You should also consider the reasons the witness gives for the opinion and the witness' sources of information. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Both parties have called a number of expert witnesses. In evaluating the testimony of expert witnesses, you will have to decide if each witness bases their opinions on sufficient facts or data, whether the witness' testimony is the product of reliable principles and methods, and whether the witness has applied the principles and methods reliably to the facts of the case.

A witness's deposition may be presented when the witness cannot be at the trial in person. The deposition was given under oath. When you were shown a videotape deposition you should give the evidence the same weight as you would if the person was present and use the same factors as you would in judging any evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons

witnessing an accident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

You are to consider only the evidence in the case. But, in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in this case.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such weight, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such weight as you may think it deserves.

An act or omission is "knowingly" done if done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact and would justify a verdict in accordance with such testimony.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence appeals to your minds as being most accurate, and otherwise trustworthy.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be treated as equals.

Since the Mayo Clinic can act only through its doctors, nurses and other employees, the burden is on the plaintiff to establish by the greater weight of the evidence in the case that the negligence of one

or more doctors, nurses or other employees of the Mayo Clinic, acting within the scope of their employment, was a direct cause of the injuries that plaintiff claims.

Any negligent act or omission of an employee of the Mayo Clinic, in performance of that person's duties, is held in law to be the Mayo Clinic's negligence.

This is a civil case brought by plaintiffs Jerry and Linda Griffis, husband and wife, against defendant Mayo Clinic Rochester. In September 1997, Mr. Griffis was referred to the Mayo Clinic for suspected recurrence of rectal cancer. The Griffises allege that Dr. Leonard Gunderson, Dr. Heidi Nelson and other care providers employed by the Mayo Clinic were negligent in their care and treatment of Mr. Griffis and that the Mayo Clinic failed to obtain Mr. Griffis's informed consent for his treatment.

The Mayo Clinic denies these allegations and contends that the treatment provided was appropriate, and that Mr. Griffis provided informed consent to the treatment administered.

It will be your duty to decide from the evidence whether the Griffises are entitled to a verdict against the Mayo Clinic.

It is your responsibility to decide whether the plaintiff has proven his claim against the defendant by a preponderance of the evidence. The burden is on the plaintiffs, the Griffises, in a civil action, such as this, to prove every essential element of their claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as,

when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

I will now instruct on the laws that pertain to the specific claims of this case.

**Negligence**

The claim of the Plaintiffs is founded on the legal theory known as negligence. Negligence is the failure to use reasonable care. Reasonable care is the care a reasonable doctor would use in the same or similar circumstances. Ask yourself what a reasonable doctor would have done in these circumstances. Negligence occurs when a doctor: (1) does something a reasonable doctor would not do; or (2) fails to do something a reasonable doctor would do.

To find the Mayo Clinic negligent in the diagnosis, care or treatment of Mr. Griffis, you must find that the Griffises have proven, by a preponderance of the evidence, the following three elements:

First, the standard of care recognized by the medical community as applicable to Mayo Clinic doctors' diagnosis, care, or treatment of Mr. Griffis;

Second, that Mayo Clinic doctors departed from that standard in diagnosis, care, or treatment of Mr. Griffis; and

Third, that the departure from the standard of care by the Mayo Clinic doctors directly caused the injuries claimed by Mr. Griffis.

Negligence should not be presumed. The fact the Griffises claim that an injury has occurred does not by itself mean that the Mayo Clinic was negligent.

**Standard of Care**

A doctor must use the same degree of skill and learning that a doctor would use: who is in good standing; who is in a similar practice; and who is in similar circumstances.

A doctor must use reasonable care when applying that skill and learning in diagnosing and/or treating patients.

In treating or operating on a patient, a doctor who holds himself out as a specialist must use the knowledge, skill, and care which specialists in the same field would use in similar cases and circumstances. A doctor is not negligent simply because his or her efforts are unsuccessful. The failure of a treatment is not negligence if the treatment was an accepted treatment, based on the information the doctor had, or should reasonably have had, when the choice was made.

A doctor must use reasonable care to get the information needed to exercise his or her professional judgment. An unsuccessful treatment chosen because a doctor did not use this reasonable care would be negligence.

**Direct Cause**

A "direct cause" is a cause that had a substantial part in bringing about the harm.

**Informed Consent**

Plaintiffs also allege the Mayo Clinic was negligent in failing to obtain Mr. Griffis's informed consent for his treatment.

A doctor is negligent in failing to get informed consent from a patient, when:

First, the doctor knows or should know the risk involved in surgery or treatment, or alternatives to them;

Second, the risk or alternative treatment is significant enough that the doctor should tell the patient about it. The knowledge of the risk or the existence of alternative treatment is significant if the doctor knows or should know that a reasonable person in the patient's position would regard it as significant;

Third, the doctor does not tell the patient about the risk or alternative treatment; and

Fourth, a reasonable person in the patient's position would not have consented to the treatment or operation, if the risk or alternative treatment had been known.

Questions 6, 7, and 8 are the damages questions. You should not consider the issue of damages unless you conclude the Defendant was negligent.

A party seeking damages must prove the nature, extent, duration and consequences of the harm that he or she suffered. Determination of damages must not be based upon speculation or guess.

The Griffises claim that they have sustained damages directly caused by Mayo Clinic's alleged negligence. If you find that the Mayo Clinic was negligent in the treatment and care of Mr. Griffis and

that negligence was a direct cause of the injuries to either Mr. or Mrs. Griffis, then you should award such sum as you believe will fairly and justly compensate them for any damages you believe they sustained (and are reasonably certain to sustain in the future) as a direct result of that negligence.

**Mr. Griffis - Past Damages - Bodily and Mental Harm**

Items to include for past damages for bodily and mental harm: pain, disability, disfigurement, embarrassment, and the emotional distress that Mr. Griffis has experienced up to the time of your verdict. You should consider: the type, extent, and severity of Mr. Griffis's injuries; how painful his injuries were; the treatment and pain involved in that treatment; the length of time that Mr. Griffis's harm lasted; and any other factors you think are relevant.

**Mr. Griffis - Past Damages - Loss of Earnings**

Past damages for loss of earnings may include: earnings; salary; and the value of working time lost as a result of the injury, from the time of injury to date.

**Mr. Griffis - Past Damages - Medical Supplies, Hospital and Medical Expenses**

Past damages for health care expenses may include: medical supplies; hospitalization; health care services of every kind necessary for treatment up to the time of your verdict; and the reasonable value of care provided by family members up to the time of your verdict.

**Mr. Griffis - Future Damages - Bodily Harm and Mental Harm**

Future damages for bodily and mental harm may include: pain, disability, disfigurement, embarrassment, and the emotional distress that Mr. Griffis is reasonably certain to experience in the future. You should consider: the type, extent, and severity of Mr. Griffis's injuries; how painful his

injuries were; the treatment and pain involved in that treatment; the length of time that Mr. Griffis's harm lasted; and any other factors you think are relevant.

**Mr. Griffis - Future Damages - Loss of Earning Capacity**

If you find that future disability is reasonably certain to occur, you may consider the effect of that disability on Mr. Griffis' future earning capacity. Consider what the person is able to earn in the future. Consider whether Mr. Griffis' future earning capacity has been destroyed or reduced. You may decide damages for this loss or reduction of future earnings capacity.

In determining the amount of future damages for loss of earning capacity, you should consider: age; health; skill; training; experience; work habits; length of loss of earning capacity (temporary or permanent); and years of earning expectancy compared to Mr. Griffis' life expectancy.

**Life Expectancy**

According to life expectancy tables, the average life expectancy of a white male 64 years of age in 2004 is 15.6 years.

The figure is to help you determine the probable life expectancy of Mr. Griffis. It is not conclusive proof of what his life expectancy is, and you are not bound by it. It is only an estimate based on average experience.

You may find that Mr. Griffis might live for a longer or shorter period than that given in these tables.

Consider this figure along with evidence of the health, physical condition, habits, occupation, and surroundings of Mr. Griffis and other circumstances that might affect his life expectancy.

**Mr. Griffis - Future Damages - Medical Supplies, Hospital and Medical Expenses**

Future damages for health care expenses may include: medical supplies; hospitalization; health care services of every kind reasonably certain to be necessary for treatment in the future; and the reasonable value of care that will be provided by family members in the future.

**Mrs. Griffis - Loss of Consortium**

When a husband is injured, he has a claim for damages, and his wife may also have a claim. Mrs. Griffis's claim for damages may include the loss of Mr. Griffis's services and companionship she would have received in the usual course of their married life up to the date of trial, and the value of Mr. Griffis's services and companionship she is reasonably certain to lose in the future.

In determining the amount of damages, if any, that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room.

**[Read and explain special verdict form.]**

You will note that many of the questions call for a "Yes" or "No" answer. The answer to each question, whether it calls for a "Yes" or "No" answer, must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided under each question. You will note from the wording of the questions, it will not be necessary to answer some questions unless you answer certain other questions affirmatively. Finally, you will note that certain questions do not require a "Yes" or "No" answer, but require you to fill in a dollar amount. As with all other questions, your answer to these questions must be the unanimous answer of the jury. After you have completed answering the questions, the foreperson will then date and sign the special verdict as so completed, and you will then return with it to the courtroom.

It is my feeling that the attitude and conduct of jurors at the outset of their deliberations is a matter of extreme importance. It does not appear to me to be prudent for a juror upon entering the jury room to make an emphatic expression as to his or her opinion on the case or to announce a determination in advance to stand for a particular verdict. When one does this in the beginning, one's sense of pride becomes involved and one might later hesitate to recede from an announced position even if it is later proven to be in error. Remember, you are not partisans and you are not advocates in this case, but rather you are the judges.

You have been allowed to take notes during the course of the trial and you may take those notes with you to the jury room. You should not consider these notes binding or conclusive, whether they are your notes or those of another juror. The notes should be used as an aid to your memory and not as a substitute for it. You should not give greater weight to a particular bit of evidence solely because it has been reduced to writing. I want to make clear to you that it is your recollection of the evidence which should control and you should disregard anything contrary to your recollection which may appear from your own notes or those of another juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so consistent with your individual judgment. Each of you must decide the case for yourself, but do so only after a full consideration of the evidence with your fellow jurors. In the course of your deliberations, reexamine your own views and do not hesitate to change your mind if you find that you are mistaken. However, do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The final test of the quality of your service will be in the verdict which you as a jury return to this court. You will make a definite contribution to the efficient administration of justice if you arrive at a just and proper verdict.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiff that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person–not even to the court–how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Now, ladies and gentlemen of the jury, this case is in your hands. I am sure that you recognize and realize that it deserves your most serious and careful consideration. Just look at the evidence that you heard, consider all of the facts and circumstances shown by this evidence, give it your best judgment and consideration, and conscientiously determine what you think the truth of the matter is and act accordingly.